THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* JOSEPH SHURTZ,

*v.*

THE COMMISSIONERS OF HIGHWAYS OF WORTH TOWN-SHIP, IN THE COUNTY OF WOODFORD.

1. HIGHWAYS—*what constitutes, so as to impose upon the public authorities the duty to keep them in repair.* The third section of article 17, of the township organization law of 1861, which requires the commissioners of highways " to cause such roads, used as highways, as have been laid out but not sufficiently described, and such as have been used for twenty years, but not recorded, to be ascertained, described, and entered of record in the town clerk's office," is construed as referring to roads which have been recognized as highways by the proper authorities, and not to every road which the owner of land may have laid out for his own use, and permitted the public to travel over.

2. By such words as "are used as highways," is meant those roads whose character as highways has been established by the consent of the owners of the soil, and of the proper authorities, but of which no accurate survey and record have been made.

3. It is not enough, to bind the town or county to repair, that there has been a dedication of a public way by the owner of the soil, and the public use of it. To bind the corporate body to this extent, there must be some evidence of acquiescence or adoption by the corporation itself.

4. MANDAMUS—*whether the peremptory writ may be refused.* The third section of the chapter of the Revised Statutes, entitled "Mandamus," which requires the court to award a peremptory writ in cases where a jury have found a verdict for the petitioner, refers only to cases where the petition makes a *prima facie* case, and the issue found by the verdict is material. The action of the court in denying the peremptory writ, notwithstanding a verdict for the petitioner, is like arresting the judgment in an ordinary action at law.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. Clark & Christian, for the appellants, insisted that, under the third section of the statute on mandamus, when a jury have found a verdict for the petitioner, the court has no discretion to refuse the peremptory writ.

Counsel said, that section of our mandamus act is, in all respects, substantially the same as the 2d section of chapter 20 of the statute of 9 Anne, and in passing upon the latter, Lord Denman, C. J. in the *Queen* v. *The Earl of Dartmouth*, 5 Q. B. 881, held that, after the issues (feigned issue) had been submitted to the jury, and a verdict rendered by the jury, the only thing left for the court to do, was to follow the plain provisions of the act; that is, if the verdict was in favor of the relator, the peremptory writ must be granted, and that without delay, provided the court could see no other remedy. Rev. Stat. Chap. 67, sec. 3 ; Stat. 9 Anne, Chap. 20, sec. 2.

Messrs. Ingersoll & McCune, and Mr. S. D. Puterbaugh, for the appellees.

No public highway can be established by dedication merely, and without the assent, express or implied, of the town or county bound by law to keep it in repair. *Bower* v. *Suffolk Manufacturing Co.* 4 Cush. 332 ; *Dimon* v. *The People*, 17 Ill. 422 ; *Town of Lewistown* v. *Proctor*, 27 Ill. 418 ; *Eyman* v. *The People*, 1 Gilm. 9.

If such were not the law, any land owner might, for his own interest, and without regard to public convenience or necessity, establish a highway, and subject the town or county within which it lies. to the burden of supporting it. There can certainly be no good reason why the burden of keeping a road in repair, and of building and maintaining bridges, should be imposed upon towns without their assent, and without any opportunity to make their objections. Commissioners of highways are empowered to inquire into when and where new roads are needed, and proceed to lay out such as the public exigencies require, having due regard to private rights

and public burdens. 2 Greenlf. Ev. sec. 662; *Hemphill* v. *City of Boston*, 8 Cush. 195; *Gentleman* v. *Soule*, 32 Ill. 279; *Alvord* v. *Ashley*, 17 Ill. 363.

It is urged by the relator that the court below erred in refusing the peremptory mandamus.

Granting the writ of mandamus, under many circumstances where it might be a proper remedy, is yet within the sound discretion of the court. *The People, &c.* v. *Curyea*, 16 Ill. 447; *The People, &c.* v. *Kilduff*, 15 Ill. 501; Tapping on Mandamus, 165, 166; *The People* v. *Hatch*, 33 Ill. 9. In the case of *The People* v. *Curyea*, this court refused a mandamus to compel commissioners of highways to open a road. We also cite, *People* v. *Commissioners, &c.* 27 Barb. 94; *Ex parte Clapper*, 3 Hill, N. Y. R. 458.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition for a mandamus, by Joseph Shurtz, as relator, to compel the commissioners of highways of Worth township to " ascertain, describe, and enter of record in the town clerk's office," a certain road, on the ground that it had been a public highway for twenty years, that duty being imposed on such commissioners in certain cases, by the third section of article 17 of the township organization law of 1861, page 764 of Gross' Statutes. The defendants answered, denying the existence of the alleged road, and an issue was made up for a jury, who returned a verdict that the road in question had been open and used by the public for twenty years. Notwithstanding the verdict, the court refused to award a peremptory mandamus, but dismissed the proceeding. The relator appealed, and insists that, after the finding of the jury, the court had no discretion as to awarding the writ. The appellees assign cross errors, insisting the court erred in its instructions to the jury.

The cross errors are well assigned.

The court refused to give the jury for the respondents the following instructions, or any equivalent therefor :

" The voluntary use of a way by the public with the assent of the owner of the soil, is not, of itself, sufficient to make it a public highway, and impose upon the proper public authorities the duty of repair."

. " The court instructs the jury, if they believe, from the evidence, that the township of Worth or the county have never acquiesced in said road being a public highway, then the jury will find that the road in question is not a highway."

On the other hand the court instructed, it was not necessary to prove the town authorities had recognized said road as a public highway.

In its ruling on these instructions we think the court erred.

In a question of dedication of a right of way, as between the owner and the public, the recognition of a road by the county or town authorities as a public highway, would of course not be necessary. As against the owner, the acceptance of the dedication may be by the general public, which can manifest its acceptance by using the road, and thus acquire a right of way. But in a proceeding of this character, the object of which is to impose upon the town the expense of building bridges and keeping roads in repair, the question whether the county or town has ever recognized such an obligation, in reference to the road in controversy, goes to the very merits of the case. It is true, the language of the act above cited, is general. It requires the commissioners " to cause such roads, used as highways, as have been laid out, but not sufficiently described, and such as have been used for twenty years, but not recorded, to be ascertained, described, and entered of record in the town clerk's office." But this must be construed as referring to roads which have been recognized as highways by the proper authorities, and not to every road which the owner of land may have laid out for his own use, and permitted the public to travel over. Unless we adopt this construction, it would follow, that every owner of land, by opening a road where he might desire one for his own accommodation, and leaving it

open as a highway for such uses as the public could make of it, might, in twenty years, impose upon the town the expense of keeping it in repair. We have no idea the legislature intended such a result. When they speak, in the foregoing clause, of such roads as are "used as highways," they undoubtedly meant, by this phrase, to indicate those roads whose character as highways has been established by the consent of the owners of the soil and of the proper authorities, but of which no accurate survey and record have been made.

It is said, in 2 Greenleaf's Evidence, sec. 662, that "it does not follow, because there is a dedication of a public way by the owner of the soil, and the public use it, that the town or county is therefore bound to repair. To bind the corporate body to this extent, it is said there must be some evidence of acquiescence or adoption by the corporation itself, such as having actually repaired it, or erected lights or guide posts thereon, or having assigned it to the proper surveyor of highways for his supervision, or the like."

The rule here laid down seems to us eminently just and reasonable. If it be not adopted, towns and counties might have great and unjust burdens imposed upon them against their will. The owner of land can easily estop himself by laying out and dedicating a road, and having more or less persons use it in behalf of the public, but we can not hold that a municipality may thus have a highway thrust upon it for improvement and repair against the wishes of its proper officers and of a great majority of its people. This was the principle laid down in *Rex* v. *St. Benedict*, 4 Barn. & Ald. 448, and although a different rule seems to be recognized in *Rex* v. *Leake*, 5 Barn. & Ald. 469, the doctrine of the former case is, in our judgment, more reasonable in itself, and certainly much the safer and better rule for adoption in a State like ours, as yet comparatively new and undeveloped, in which the making and repairing of roads and the building of bridges are the cause of such large expenditures and severe taxation.

As we have already stated, the court, notwithstanding the verdict, refused the peremptory writ, and on examining the entire record we are not inclined to reverse its judgment. Counsel for appellants insist that the statute entitled "Mandamus" requires the court to award a peremptory writ in cases where a jury has found a verdict for the petitioner. But this can refer only to cases where the petitioner makes a *prima facie* case, and the issue found by the verdict is material. In this case, the petition was not good, and the issue was immaterial. The action of the court in denying the peremptory writ was like arresting the judgment in an ordinary action at law. The petition merely avers that " the above described road has been used for twenty years," but not that it has been used as a public road or highway. The verdict merely finds " that the road in question has been opened and used by the public for twenty years before the commencement of this proceeding." For aught that the verdict finds, the road may have been a mere private road, but still open to the public, and used by them whenever any persons had occasion to travel it. On examining the evidence we find it was in fact a private road, so far as the town anthorities are concerned. It has never been worked by them, or recognized by them in any manner as a public highway. It is simply a neighborhood lane, about twenty feet wide, for the accommodation of a few persons, but upon which any could travel who might desire. The petition being insufficient, the verdict immaterial, and the evidence showing there was no public highway which the town was under obligations to keep in order, the court rightly refused the peremptory mandamus.

*Judgment affirmed.*